FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2024-3259
_____

UNIVERSAL PROPERTY &
CASUALTY INSURANCE COMPANY,

    Appellant,

    v.

PAMELA KARMO and ARMAH
KARMO,

    Appellees.

_____


On appeal from the Circuit Court for Okaloosa County.
John Thomas Brown, Judge.


July 22, 2026

RAY, J.

    This appeal concerns the amount of a jury verdict in a homeowners-insurance case. Pamela and Armah Karmo sued Universal Property & Casualty Insurance Company after water and sewage backed up through the plumbing system into their home. Universal paid for some resulting water damage but denied that the policy required additional benefits for work needed to access the plumbing system. The jury awarded $335,000 in replacement cost value or $305,000 in actual cash value. Because neither amount is supported by competent valuation evidence, we reverse the orders denying post-trial relief and remand for further proceedings limited to damages.

In late December 2019, water and sewage backed up into the Karmos' home through several fixtures. The backup affected the washing-machine drain, kitchen sink, dishwasher, bathtub, and toilet. Universal later inspected the property and estimated the covered water damage at a little more than $12,000 in replacement cost value. After depreciation and the deductible, Universal paid just over $7,000 in actual cash value.

The claim did not end with that payment. The Karmos sought additional benefits, maintaining that the cast-iron drainage system beneath the slab had failed because of rust, deterioration, corrosion, and breaks in the lines. In their view, the system had to be replaced. This suit followed in 2021.[*] While the case was pending, Universal sent a plumber to inspect the home. He concluded that the pipes were clogged but could be cleaned.

Trial began in September 2024, nearly five years after the loss. By then, the case had narrowed to a dispute over access to the plumbing system. The policy did not cover the cost to unclog, repair, or replace the pipes themselves. It did, however, cover the cost to tear out and repair parts of the home necessary to access plumbing that needed repair or replacement. That left the jury to decide whether the cast-iron drainage system needed replacement. If it did, Ms. Karmo claimed Universal owed the access costs. If it did not, Universal maintained that no additional benefits were owed.

The jury was instructed on two measures of loss. As relevant here, replacement cost value, or RCV, meant the cost to repair or replace covered property. Actual cash value, or ACV, meant replacement cost less depreciation. If the jury found for Ms. Karmo, the verdict form asked it to state both amounts.

Ms. Karmo's theory was that the pipes under the slab had failed and had to be replaced. Accessing the system, she argued, required cutting through the slab, reaching the plumbing system,

---

[*] Armah Karmo died before trial. Pamela Karmo proceeded with the case.

and repairing the affected parts of the home afterward. She testified that she had not replaced the pipes because Universal paid only for water damage, not for that access work. She also testified that the drainage problems continued after the 2019 backup. When members of the household showered, brown water containing grit backed up into the bathtub and had to be removed by hand. Ms. Karmo washed dishes in a bucket and emptied the water outside.

In support of her position, Ms. Karmo presented testimony from a plumber. He testified that the drainage system needed replacement. The work, he explained, would require trenching through the flooring and concrete slab to reach the pipes. He also testified that holes and openings in the pipes allowed sewage to escape into the backfill beneath the slab. The backfill helped support the plumbing system and keep the pipes properly pitched. Any sewage-saturated backfill, he testified, would need to be removed and replaced.

On the amount of damages, Ms. Karmo introduced two estimates prepared by Triad Restoration Services. The estimates valued the claimed loss at $79,680.22 in RCV and $50,219.97 in ACV. They included the work needed to reach the drain-line system and restore the affected parts of the home, along with repairs for water damage documented by Triad.

Ms. Karmo also introduced a signed contract with Advanced Plumbing Technology ("APT") for repair work related to the plumbing-system failure. But the version admitted for the jury redacted the dollar amounts and narrative portion of the attached estimate. The contract was offered to show that Ms. Karmo had entered an agreement for repair work, not to prove the cost of the work. In closing, Ms. Karmo's counsel directed the jury to the Triad estimate amounts.

Universal disputed that the pipes needed replacement. Its plumber testified that the pipes were clogged but could be cleaned. Universal therefore asked the jury to award nothing.

During deliberations, the jury sent the court two questions about the verdict form. It asked whether it should fill in both the RCV and ACV blanks. It also asked whether those numbers should

come from the Triad estimates. The trial court answered yes to the first question. As to the second, the court told the jury that any amount awarded had to be based on the evidence presented at trial and the law given by the court.

The jury found for Ms. Karmo. It awarded $335,000 in RCV or $305,000 in ACV. Universal moved for a new trial, arguing that the amount awarded was unsupported by the evidence. Before the court ruled, Universal also moved for remittitur or, in the alternative, asked the court to consider remittitur as part of the new-trial motion. The trial court denied both motions, and this appeal followed.

II

We review for abuse of discretion a trial court's ruling on a motion for remittitur or for a new trial directed to the amount of a jury's damages award. *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1263 (Fla. 2006). Although our review is deferential, the trial court's discretion is governed by the criteria prescribed by the Legislature. In ruling on such a motion, the trial court must apply those criteria and determine whether the award is excessive "in light of the facts and circumstances" presented to the jury. *See Coates v. R.J. Reynolds Tobacco Co.*, 375 So. 3d 168, 172 (Fla. 2023); § 768.74(1), (5), Fla. Stat.

That inquiry requires both respect for the jury's verdict and a meaningful review of the amount awarded. The reasonable actions of a jury remain "a fundamental precept of American jurisprudence" and should be disturbed only with "caution and discretion." § 768.74(6), Fla. Stat. Thus, a trial court may not reduce an award merely because it would have awarded less. *See Odom v. R.J. Reynolds Tobacco Co.*, 254 So. 3d 268, 277 (Fla. 2018). At the same time, once the amount is properly challenged, the trial court must give the award "close scrutiny" and determine whether it bears a reasonable relation to the damages proved, is supported by the evidence, and could have been reached in a logical manner by reasonable persons. § 768.74(3), (5)(d)–(e), Fla. Stat. A verdict that exceeds what the evidence can reasonably support cannot stand. *See McCarthy Bros. Co. v. Tilbury Constr., Inc.*, 849 So. 2d 7, 9 (Fla. 1st DCA 2003).

4

The trial court recognized the problem. At the hearing on Universal's remittitur motion, the court considered the statutory criteria and expressed concern about two of them. It questioned whether the award bore "a reasonable relation to the amount of damages proved and the injury suffered," § 768.74(5)(d), Fla. Stat., and whether the award was "supported by the evidence" and "could be adduced in a logical manner by reasonable persons," § 768.74(5)(e), Fla. Stat. The court nevertheless denied remittitur, reasoning that the jury had been instructed to award an amount that would fairly and adequately compensate the plaintiff. The court also denied Universal's motion for new trial.

Those concerns were well founded. Economic damages must rest on evidence that provides a reasonable basis for determining a definite amount. *See Alvarez v. All Star Boxing, Inc.*, 258 So. 3d 508, 512 (Fla. 3d DCA 2018); *see also United Auto. Ins. Co. v. Colon*, 990 So. 2d 1246, 1248 (Fla. 4th DCA 2008) ("Economic damages may not be founded on jury speculation or guesswork and must rest on some reasonable factual basis."). Here, the only evidence providing that basis was the Triad estimates. Those estimates valued Ms. Karmo's claimed loss at $79,680.22 in RCV and $50,219.97 in ACV. No valuation evidence reasonably supports the jury's award of $335,000 in RCV or $305,000 in ACV.

Ms. Karmo argues that the jury was entitled to consider more than the Triad estimates. That is true. But the evidence she identifies did not give the jury a way to reach the amounts it awarded.

Consider Ms. Karmo's reliance on inflation and later price increases. She notes that the Triad estimates used 2019 prices and that the APT contract allowed for price changes based on market conditions. But the dollar amounts in the APT estimate were redacted, and no witness quantified any increase in labor, materials, fuel, or construction costs. No evidence showed that the cost of the claimed loss increased more than fourfold as to RCV or more than sixfold as to ACV. A jury may draw reasonable inferences from the evidence. It may not supply a damages number by speculation.

The slab and backfill evidence has the same limitation. The jury heard that sewage escaped through openings in the pipes,

entered the structural backfill, and wicked into the slab. That evidence supported Ms. Karmo's position that the loss was serious and that additional covered work may have been required. But it did not establish the cost of that work. The Triad estimates already included work to access the drain-line system, restore affected parts of the home, and repair water damage documented by Triad. No testimony, estimate, or exhibit assigned a separate cost to additional slab or backfill work.

The evidence about Universal's 2023 inspection does not support the amount awarded either. Ms. Karmo suggests that the inspection may have caused additional water damage. But the case was tried on the theory that the cast-iron drainage system had failed and needed replacement. In any event, no witness valued any inspection-related damage or explained how that damage could support the jury's RCV or ACV figures.

Ms. Karmo's reliance on the broad evidence rule does not change the analysis. That rule allows a factfinder to consider evidence logically bearing on actual cash value at the time of loss. *See Worcester Mut. Fire Ins. Co. v. Eisenberg*, 147 So. 2d 575, 576 (Fla. 3d DCA 1962). Even assuming the rule applies here, it does not dispense with the need for evidence from which economic damages can be calculated in a logical way.

The record supports a finding that Universal owed additional covered benefits. It does not support the amounts the jury awarded. The verdict was several times higher than the only admitted valuation evidence, so it does not bear a reasonable relation to the damages proved. And because the amounts awarded cannot be logically derived from the evidence, the verdict is not supported by it. *See* § 768.74(5)(d)–(e), Fla. Stat. The trial court therefore abused its discretion in denying post-trial relief as to damages.

## III

We reverse the denial of Universal's motion for remittitur and motion for new trial as to damages and remand for further proceedings consistent with this opinion. The trial court entered judgment based on the policy limit because both amounts awarded by the jury exceeded that limit. On remand, however, the court

6

must determine whether RCV or ACV is the proper measure of damages under the policy and order remittitur in an amount consistent with that determination and the evidence.

REVERSED AND REMANDED.

WINOKUR and TREADWELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Paulo R. Lima of Russo Lima Appellate Firm, P.A., Miami, for Appellant.

Mark Andrew Nation and Paul W. Pritchard of The Nation Law Firm, Longwood, for Appellees.

7